UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re:  FINGER LAKE LLC ,

Debtor.

**Hearing Date: May 22, 2026**
**Hearing Time: 11:00 a.m.**
**Hearing Place:  Buffalo, NY**
Case No. 25-20007-CLB2

**Chapter 11**

**EMERGENCY MOTION REQUESTING THE COURT TO RECONSIDER ITS MAY 6, 2026 ORAL DECISION PENDING REVIEW OF NEWLY DISCOVERED MATERIAL EVIDENCE,  TEMPORARILY WITHHOLD ENTRY OF THE PROPOSED FINAL SALE ORDER AND GRANT THE 14 DAY STAY REQUESTED BY MOVANT PURSUANT TO BANKRUPTCY RULE 8007**

The equity holders of the above-captioned debtor (the "Equity Holders"), by and through their attorneys, Orville & McDonald Law, P.C., respectfully moves this Court on an emergency basis for the Court to reconsider its May 6, 2026 oral decision pending review of newly discovered material evidence, temporarily withhold entry of the proposed Final Sale Order concerning the proposed sale of the Debtor's hotel property commonly known as the Best Western Plus Horseheads Inn & Suites located at 2671 Corning Road, Horseheads, New York (the "Property"), and grant the 14-day stay pending appeal requested by Movant, and in support thereof states as follows:

**PRELIMINARY STATEMENT**

1. This Motion does not seek to relitigate the entirety of the May 6, 2026 hearing.

2. Rather, this Motion respectfully requests that the Court temporarily refrain from signing and entering the proposed Final Sale Order because materially significant new evidence has emerged after the hearing that directly impacts:

   - valuation of the estate asset;

- adequacy of the sale process; and

- the integrity of the proposed § 363 sale.

3. Specifically, a newly completed independent professional appraisal dated May 15, 2026 (attached hereto as Exhibit A) concludes that:

- the current "as is" market value of the Property is $10,000,000; and

- the stabilized prospective market value is $11,100,000.

4. The Trustee nevertheless seeks authority to consummate a sale at only $6,500,000.

5. The difference between the proposed sale price and independently appraised market value is approximately $3.5 million to $4.6 million.

6. Even more critically, the appraisal expressly acknowledges: "To our knowledge the hotel is not listed for sale or being actively marketed…"

7. These findings materially alter the factual landscape before the Court.

8. Importantly, the proposed Final Sale Order has not yet been entered.

9. At this precise procedural moment, the Court still retains full ability to preserve the status quo while considering whether the newly discovered evidence warrants further review.

10. By contrast, once the Final Sale Order is signed and entered:

- title transfer rights may vest immediately;

- appellate rights may become substantially impaired; and

- irreversible harm to the bankruptcy estate may occur before meaningful judicial review can take place.

12. Under these circumstances, Movant respectfully submits that temporary restraint and judicial pause are both prudent and necessary.

**BACKGROUND**

13. On May 6, 2026, the Court conducted a hearing concerning the Chapter 11 Trustee's motion seeking approval to sell the Debtor's principal hotel asset for $6.5 million.

14. Following the hearing, the Trustee submitted a proposed Final Sale Order for parties of interest to review.

15. The proposed Order contains findings that the purchaser is a "good faith purchaser" entitled to protections under 11 U.S.C. §363(m).

16. The proposed Order further seeks immediate effectiveness and elimination of the ordinary 14-day stay otherwise provided under the Bankruptcy Rules, and requested by the equity holders.

17. After the hearing, Movant obtained a newly completed professional appraisal prepared by HVS, a nationally recognized hotel valuation firm.

18. The appraisal was not fully available to the Court at the time of the hearing.

## ARGUMENT

### I. THE COURT SHOULD TEMPORARILY WITHHOLD ENTRY OF THE FINAL SALE ORDER BECAUSE THE FACTUAL RECORD HAS MATERIALLY CHANGED

19. Courts retain inherent authority to temporarily refrain from entering final orders where newly discovered evidence materially impacts the underlying factual record.

20. Here, the new appraisal fundamentally changes the valuation analysis surrounding the proposed transaction.

21. The appraisal concludes that the current "as is" market value is $10 million.

22. The proposed sale price is only $6.5 million.

23. A potential undervaluation of approximately $3.5 million is not minor or technical in nature.

24. Rather, it directly impacts:

- creditor recoveries;
- estate value preservation; and
- the Court's obligation to ensure fair bankruptcy procedures.

25. The appraisal additionally projects stabilized value of approximately $11.1 million.

26. This evidence strongly suggests the asset may presently be in an upward operational and value trajectory rather than requiring immediate distressed liquidation.

27. Because the Final Sale Order has not yet been entered, the Court remains in a position to carefully evaluate these developments without prejudice to any party.

## II. THE APPRAISAL RAISES SERIOUS QUESTIONS CONCERNING THE ADEQUACY OF THE SALE PROCESS

28. The appraisal expressly states: "To our knowledge the hotel is not listed for sale or being actively marketed…"

29. The appraisal separately defines market value as requiring a "competitive and open market" with "reasonable time allowed for exposure in the open market."

30. These statements raise substantial questions concerning whether the Trustee's sale process provided sufficient market exposure to maximize estate value.

31. The newly discovered evidence therefore directly impacts the Court's consideration of:

- the proposed sale price;
- the purchaser's asserted good faith status; and

- whether the transaction reflects true market value.

## III. TEMPORARILY WITHHOLDING ENTRY OF THE FINAL SALE ORDER WILL NOT PREJUDICE THE ESTATE

33. Movant does not presently seek permanent denial of the proposed transaction.

34. Rather, Movant seeks only a limited judicial pause sufficient to allow the Court to consider newly emerged evidence before entry of a final order with potentially irreversible consequences.

35. Because the Final Sale Order has not yet been entered:

- preserving the status quo causes minimal prejudice; and

- while immediate entry risks irreversible harm.

36. Temporary restraint is particularly appropriate where:

- new valuation evidence emerged only after the hearing;

- the valuation discrepancy is substantial; and

- the proposed Order seeks immediate effectiveness without the ordinary 14-day protections.

## IV. ENTRY OF THE FINAL SALE ORDER BEFORE REVIEW OF THE NEW EVIDENCE RISKS IRREPARABLE HARM

37. Once the Final Sale Order is entered, the Trustee may immediately attempt to close the transaction.

38. The proposed Order expressly eliminates the ordinary 14-day stay protections otherwise applicable under the Bankruptcy Rules.

39. Once closing occurs:

- title transfer may become irreversible;

- appellate remedies may become severely impaired; and

- meaningful review may become practically impossible.

40. The economic harm is independently quantified by the appraisal itself at approximately $3.5 million to $4.6 million below market value.

41. Under these circumstances, prudence strongly favors preserving the status quo pending further review.

**WHEREFORE**, Movant respectfully requests that this Court:

(a) temporarily withhold and refrain from entering the proposed Final Sale Order;

(b) reconsider the Court's May 6, 2026 oral decision granting the Chapter 11 Trustee's Motion to Sell Debtor's property;

(c) preserve the status quo pending further judicial review of the newly completed appraisal evidence;

(d) temporarily prevent consummation or closing of the proposed transaction;

(e) grant the 14-day stay pending appeal requested by Movant;

(f) permit supplemental briefing or further hearing as the Court deems appropriate; and

(g) grant such other and further relief as this Court deems just and proper.

Dated:  5/18/2026                               /s/ Peter A. Orville
        Vestal, NY                              Peter A. Orville
                                             Counsel for Finger Lake LLC's
                                             Equity Holders
                                             Orville & McDonald Law, P.C.
                                             4100 Vestal Road, Suite 103
                                             Vestal, NY  13905
                                             607-770-1007